Kevin Valsi (SBN 274704)
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
Telephone: (310) 853-0441
Email: kvalsi@taulersmith.com

Attorneys for Plaintiff
JST DISTRIBUTION, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JST DISTRIBUTION, LLC, a Texas Limited Liability Company,<br><br>       Plaintiff,<br><br>vs.<br><br>ADULT WORLD, INC., a Pennsylvania Corporation, and DOES 1 through 10, inclusive,<br><br>       Defendants. | CASE NO.   '17 CV 1009 BEN NLS<br><br>**COMPLAINT FOR:**<br><br>**(1)  FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT § 43 (a)(1)(B);**<br><br>**(2)  UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.;**<br><br>**(3) FALSE ADVERTISING IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500 ET SEQ.**<br><br>**[DEMAND FOR A JURY TRIAL]** |

Plaintiff JST Distribution, LLC, a Texas Limited Liability Company ("JST Distribution" or "Plaintiff"), by and through its undersigned attorneys, submits this Complaint against defendant ADULT WORLD, INC., a Pennsylvania Corporation and Does 1-10 ("Adult World" or "Defendant"), and in support thereof avers as follows:

**INTRODUCTION**

1.     The United States Food & Drug Administration ("FDA") has recently warned the public of a growing trend in the supplement industry, where unscrupulous supplement manufacturers and retailers mislabel products as "dietary supplements" and fail to disclose that such products actually contain potentially harmful drugs and chemicals.  These illicit products are typically marketed and advertised as enhancing sexual performance, weight loss, or bodybuilding, and are falsely represented as being "all natural."  Contrary to such representations, they actually contain hidden drugs and other ingredients, and require a prescription from a medical doctor for safe and proper use.  These deceptive business practices and false and misleading advertisements are actionable under the federal Lanham Act and California state protections against unfair business practices and false advertisement.

2.     Adult World is an online and storefront retail company, which owns and operates the website www.adultworldx.com as well as several retail stores.  On its website, Defendant primarily advertises and offers for sale various sexual enhancement supplements.  This lawsuit arises out of Adult World's false and misleading representations concerning its various sexual enhancement products, including but not limited to, Black Mamba Premium, Black Panther, Full Throttle On Demand, S.W.A.G., XZen 1200 and XZone Premium (collectively, the "Enhancement Products").

3.     Adult World's representations regarding these products are false and misleading.  In particular, the Enhancement Products are mislabeled as "dietary supplements" despite unlawfully containing hidden drug ingredients.

4.     For example, on Adult World's website, retail stores, and through other promotional materials, Defendant falsely advertises that XZen 1200 "is a non-prescription dietary supplement."  Defendants claim that the Enhancement Product "provides essential nutrients to the male reproductive system and kidneys, maintaining optimal levels of testosterone and thyroid hormones," among other purported benefits. Defendant further instructs customers to "take 1 Xzen 1200 capsule about an hour before sexual activity.  The effects can last up to 72 hours."  Critically, Defendants also wrongfully represent to consumers that, "*You don't need a prescription*" and "*it requires no commitment*" (emphasis added).  Similarly, Defendants falsely advertise that S.W.A.G. is, "For the 60 year old who is thinking about getting a prescription for Viagra, but wants to try out a natural solution first."

5.     Contrary to Defendant's statements, recent laboratory analyses and public announcements by the FDA have confirmed that Xzen 1200 and S.W.A.G. contain sildenafil, the active ingredient in the FDA-approved prescription drug Viagra, which is used to treat erectile dysfunction.  Thus, the Enhancement Product is not a "dietary supplement" as a matter of law, and Defendant's representations to the contrary are false and misleading for this reason alone.

6.     Moreover, Adult World fails to disclose that XZen 1200 and S.W.A.G contain sildenafil.  The sale of products containing hidden drug ingredients (without requiring a prescription and without informing consumers of the health and safety risks of these drugs) is unlawful and seriously endangers the public.  In this regard, Adult World also fails to disclose any of the adverse health consequences of taking PDE-5 Inhibitors, such as sildenafil.  According to the FDA, these undisclosed ingredients may interact with nitrates found in some prescription drugs such as nitroglycerin and may lower blood pressure to dangerous levels, among other negative side effects.

7.     In fact, in one tragic publicized case, a man without a prescription placed an order over the Internet for the drug Viagra and later suffered a heart attack.[1]  A proper check-up and review of his medical history would have shown a family history of heart disease, which is a contraindication for the drug.  A responsible physician would not have prescribed Viagra to a patient with a history of heart disease.

8.     Adult World has knowingly and materially participated in a false and misleading advertising campaign to promote and sell its Enhancement Products, giving consumers the false impression that these products are safe, when in reality, Defendant knew, or should have known, that its Enhancement Products contain hidden drug ingredients and actually require a prescription from a medical doctor.

9.     Defendant's false and misleading advertising is harmful to the dietary supplement industry as a whole and to individual consumers.  Defendant has created an illegitimate marketplace of consumers seeking to enhance their sexual performance, but who are not informed or are misinformed of the serious dangers of using Defendant's Enhancement Products.  Consumers of the Enhancement Products have little or no incentive to use legitimate and safe sexual performance enhancement products, such as Powerful Desire, until they are injured or Defendant's Enhancement Products are taken off of the shelves.  Defendant's continuing false, misleading, illegal, and deceptive practices have violated the Lanham Act, California Business & Professions Code §§ 17200 and 17500, have unjustly enriched Defendant at the expense of JST Distribution, and have caused JST Distribution extensive and irreparable harm, including but not limited to, loss of revenue, disparagement, and loss of goodwill.

10.     Among other things, this action seeks to enjoin Adult World from the marketing and sale of any and all of its Enhancement Products, as Defendant is illegally

---

[1] Naftali Bendavid, Prescriptions Via Internet Pose Dangers Doctors Fear Patients Will Skip Supervision, Checkups, CHI. TRIB., June 16, 1999, § 4, at 1.

and falsely marketing such products in violation of the Lanham Act and California state
protections against unfair business practices and false advertisement.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 15
U.S.C. § 1121 and 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. 1332
(diversity jurisdiction) because Plaintiff asserts causes of action arising under federal law
and the parties are citizens of different states and the controversy exceeds the value of
$75,000.

12.     This Court has personal jurisdiction over Defendant because it has, directly
or through its intermediaries (including distributors, retailers, and others), developed,
licensed, manufactured, shipped, distributed, offered for sale, sold, and advertised its
dietary supplement products in the United States, the State of California, and this district,
including but not limited to, the Enhancement Products.  Defendant has purposefully and
voluntarily placed these products into the stream of commerce with the expectation that
they will be purchased in this district.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2)
because a substantial part of the events or omissions which gave rise to the claim
occurred in this district.  *Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666
F. Supp. 2d 1109, 1128 (C.D. Cal. 2009).  Alternatively, venue is proper in this judicial
district pursuant to 28 U.S.C. § 1391(b)(3).

## PARTIES

14.     Plaintiff JST Distribution is a Texas limited liability company, which lists as
its principal place of business:  26029 Aldine Westfield Rd., Ste. 206, Spring, Texas,
77373.

15.     Upon information and belief, defendant Adult World is a Pennsylvania
corporation, which lists as its principal place of business:  880 S Westend Blvd,
Quakertown, PA 18951.

16.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1- 10, inclusive, and therefore sued these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

## FACTUAL ALLEGATIONS

17.     According to a recent public warning by the FDA, there is a growing trend in the supplement industry of mislabeling "dietary supplements" that contain potentially harmful hidden drugs and chemicals.  Unscrupulous supplement manufacturers and retailers market and advertise these products as enhancing sexual performance, weight loss, and bodybuilding, and misrepresent their products as being "all natural."  Contrary to their representations, these purported "dietary supplements" actually contain potentially harmful hidden ingredients and drugs, and require a prescription from a medical doctor for proper use.

### Plaintiff and "Powerful Desire"

18.     Plaintiff JST Distribution manufactures and offers for sale the product, "Powerful Desire" a male sexual performance enhancement pill available in retail stores and online.  JST Distribution also owns and operates the online retail website powerfuldesire.com, which advertises and offers for sale Powerful Desire.  Powerful Desire is an all-natural pill, which primarily contains the ingredients Arginine Alpha AKG, Di-Arginine Malate, Agmatine, Vanadyl, L Taurine, GMS, MSM, gelatin, microcrystalline cellulose and steric acid.

### Defendant and Its Enhancement Products

19.     Adult World is an online retail company, with retail storefronts, which owns and operates the website www.adultworldx.com.  On its site and in its retail stores, Adult

World advertises and offers for sale various sexual enhancement supplements, including but not limited to Black Mamba Premium, Black Panther, Full Throttle On Demand, S.W.A.G, XZen 1200 and XZone Premium ("Enhancement Products").

20.    Defendant's Enhancement Products are mislabeled as "dietary supplements" and unlawfully contain hidden drug ingredients.  Thus, Defendant's representations regarding these products are false and misleading.

21.    For example, on Adult World's website and through other promotional materials, Defendant falsely advertises, XZen 1200 "is a non-prescription dietary supplement."  Defendants claim that the Enhancement Product "provides essential nutrients to the male reproductive system and kidneys, maintaining optimal levels of testosterone and thyroid hormones," among other purported benefits.  Defendant further instructs customers to "take 1 XZen 1200 capsule about an hour before sexual activity. The effects can last up to 72 hours."  Critically, Defendant also wrongfully represents to consumers that, "You don't need a prescription" and "it requires no commitment."

22.    Similarly, Defendants falsely advertise that S.W.A.G. is "For the 60 year old who is thinking about getting a prescription for Viagra, but wants to try out a natural solution first."

23.    Contrary to Defendant's statements, recent FDA laboratory analyses have confirmed that XZen 1200 and S.W.A.G. contain sildenafil, the active ingredient in the FDA-approved prescription drug Viagra, which is used to treat erectile dysfunction. Thus, XZen 1200 and S.W.A.G. are not "dietary supplements" as a matter of law, and Adult World's representations to the contrary are false and misleading.

24.    Moreover, Adult World fails to disclose that S.W.A.G. and XZen 1200 contain sildenafil.  The sale of products containing hidden drug ingredients, without requiring a prescription and without informing consumers of the health and safety risks of these drugs, is unlawful and seriously endangers the public.  Furthermore, Adult

1  World also fails to disclose any of the adverse health consequences of taking PDE-5
2  Inhibitors, such as sildenafil, tadalafil, vardenafil, etc.

3      25.   Defendant's false and misleading advertising is harmful to the dietary
4  supplement industry as a whole and to individual consumers.  Defendant has created an
5  illegitimate marketplace of consumers seeking to enhance their sexual performance, but
6  who are not informed or are misinformed of the serious dangers of using Defendant's
7  Enhancement Products.  Consumers of the Enhancement Products have little or no
8  incentive to use safe and legitimate sexual performance enhancement products, such as
9  Powerful Desire, until they are injured or Defendant's Enhancement Products are taken
10 off of the shelves.

11                        **CLAIMS FOR RELIEF**
12                     **FIRST CLAIM FOR RELIEF**
13   **(False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act)**

14     26.   Plaintiff incorporates the allegations contained in the foregoing paragraphs
15 as though fully set forth herein in their entirety.

16     27.   On its website, and in its retail stores, Adult World advertises and offers for
17 sale various sexual enhancement supplements, including but not limited to, Black Mamba
18 Premium, Black Panther, Full Throttle On Demand, S.W.A.G, XZen 1200 and XZone
19 Premium.

20     28.   The Enhancement Products are mislabeled as "dietary supplements" and
21 unlawfully contain hidden drug ingredients.  Thus, Defendant's representations regarding
22 these products are false and misleading.

23     29.   Defendant has knowingly and materially participated in a false and
24 misleading advertising campaign to promote and sell its Enhancement Products, giving
25 consumers the false impression that these products are "all-natural with no added
26 chemicals," "dietary supplements" and "no prescription necessary."  In reality, Defendant

27
28

knew, or should have known, that its Enhancement Products contain hidden drug ingredients and actually require a proper prescription from a medical doctor.

30.     The use of such falsely advertised products has the tendency to deceive a substantial segment of the public and consumers, including those in California, into believing that they are purchasing a product with drastically different characteristics.

31.     The deception is material because it is likely to influence a consumer's purchasing decisions, especially if the consumer is concerned about the consequences of taking certain prescription-only drugs without the supervision of a medical doctor, or alternatively, believes that he/she does not need a prescription to take the drugs that are active ingredients in Defendant's Enhancement Products.

32.     Defendant has introduced its false and misleading statements into interstate commerce via marketing and advertising on various websites, in retail stores and via shipment of its products containing false and misleading advertising into interstate commerce.

33.     Plaintiff has been injured as a result of Defendant's false and misleading statements.  Specifically, Defendant's false and misleading advertising concerning the Enhancement Products has negatively impacted Plaintiff's sales of Powerful Desire because both products are intended for sexual performance enhancement and target the same consumers.  Thus, Defendant's false and misleading representations regarding the Enhancement Products have resulted in the diversion of sales from Plaintiff.

34.     Defendant's actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce that, in commercial advertising and promotion, misrepresent the nature, characteristics, and qualities of its products in violation of Section 43(a)(1)(B) of the Lanham Act.

**SECOND CLAIM FOR RELIEF**

**(Unfair Competition**

**In Violation of California Business & Professions Code § 17200)**

37.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

38.     California Business & Professions Code § 17200 provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

39.     Defendant has engaged in unlawful, unfair and fraudulent conduct by way of its false, deceptive, and misleading marketing, advertising, and sale of its Enhancement Products.  In particular, Defendant has falsely represented to consumers that its Enhancement Products are "all natural," "dietary supplements" with "no prescription necessary."  In reality, Defendant knew, or should have known, that its Enhancement Products contain hidden drug ingredients and actually require a proper prescription from a medical doctor.

40.     Defendant's representations about its Enhancement Products are clearly false and misleading, and Defendant has engaged in unlawful, unfair and fraudulent conduct by way of its false, deceptive, and misleading advertising and unlawful sale of these products.

41.     By reason of Defendant's acts of unfair competition, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendant from any further acts of unfair competition.  Defendant's continuing acts of unfair competition, unless enjoined, will cause irreparable damage to Plaintiff in that Plaintiff will have no adequate remedy at law to compel Defendant to cease such acts, and no way to determine its losses proximately caused by such acts of Defendant. Plaintiff is therefore entitled to a preliminary injunction and a permanent injunction against further unlawful, unfair, and fraudulent conduct by Defendant.

42.     As a direct and proximate result of Defendant's acts of unfair competition,

**COMPLAINT**

1  Defendant has wrongfully taken Plaintiff's profits and the benefit of its creativity and
2  inventiveness, as well as its substantial investment of time, energy and money in the
3  development of Plaintiff's product "Powerful Desire."  Defendant should therefore
4  disgorge all profits from the above conduct and further should be ordered to perform full
5  restitution to Plaintiff as a consequence of Defendant's unlawful, unfair, and fraudulent
6  activities.

**THIRD CLAIM FOR RELIEF**
**(False And Misleading Advertising**

**In Violation of California Business & Professions Code § 17500)**

7
8
9       43.    Plaintiff incorporates the allegations contained in the foregoing paragraphs
10  as though fully set forth herein in their entirety.

11      44.    This cause of action is brought pursuant to the False Advertising Law at
12  California Business & Professions Code § 17500, et seq.

13      45.    Defendant has disseminated advertising before the public and consumers in
14  California that: (a) contains statements that are deceptive, untrue, and misleading; (b)
15  Defendant knew, or in the exercise of reasonable care should have known, is deceptive,
16  untrue, and misleading; (c) concerns the sale of a product; and (d) is likely to mislead or
17  deceive a reasonable consumer.

18      46.    For example and without limitation, Defendant has purposely made false
19  and misleading descriptions of fact concerning the nature, characteristics, and qualities of
20  its products, such as falsely representing to consumers that its Enhancement Products are
21  "all natural," "dietary supplements" with "no prescription necessary."  In reality,
22  Defendant knew, or should have known, that its Enhancement Products contain hidden
23  drug ingredients and actually require a prescription from a medical doctor for their proper
24  use.

25      47.    Defendant's misrepresentations about its Enhancement Products are clearly
26  false and misleading, and Defendant has engaged in unlawful, unfair and fraudulent
27
28

10
**COMPLAINT**

1  conduct by way of its false, deceptive, and misleading advertising and unlawful sale of

2  these products.

3      48.   By reason of Defendant's deceptive, untrue, and misleading advertising,

4  Plaintiff has suffered and will continue to suffer irreparable injury unless and until this

5  Court enters an order enjoining Defendant from any further acts of deceptive, untrue, and

6  misleading advertising.  Defendant's continuing acts of deceptive, untrue, and misleading

7  advertising, unless enjoined, will cause irreparable damage to Plaintiff in that Plaintiff

8  will have no adequate remedy at law to compel Defendant to cease such acts, and no way

9  to determine its losses proximately caused by such acts of Defendant.  Plaintiff is

10  therefore entitled to a preliminary injunction and a permanent injunction against further

11  deceptive, untrue, and misleading advertising by Defendant.

12      49.   As a direct and proximate result of Defendant's acts of deceptive, untrue,

13  and misleading advertising, Defendant has wrongfully taken Plaintiff's profits and the

14  benefit of its creativity and its substantial investment of time, energy and money in the

15  development of its own products.  Defendant should therefore disgorge all profits from

16  the above conduct and further should be ordered to perform full restitution to Plaintiff as

17  a consequence of Defendant's deceptive, untrue, and misleading advertising.

18      50.   Defendant's actions, as described above, constitute false and misleading

19  descriptions and misrepresentations of fact in commercial advertising and promotion.

20  Defendant's marketing of the Enhancement Products misrepresents the nature,

21  characteristics and qualities of their products in violation of the False Advertising Law at

22  Business & Professions Code §17500, et seq.

23

24                                    **PRAYER**

25      Wherefore, plaintiff JST Distribution, LLC prays for judgment against defendant

26  ADULT WORLD INC. and all other defendants herein, jointly and severally, as follows:

27

28

**COMPLAINT**

1.   For preliminary and permanent injunctive relief enjoining Defendant from producing, licensing, marketing, and selling any of the Enhancement Products, including but not limited to, Black Mamba Premium, Black Panther, Full Throttle On Demand, S.W.A.G, XZen 1200 and XZone Premium;

2.   For an award of compensatory damages to be proven at trial in accordance with 15 U.S.C. § 1117;

3.   For an award of any and all of Defendant's profits arising from the foregoing acts in accordance with 15 U.S.C. § 1117 and other applicable laws;

4.   For restitution of Defendant's ill-gotten gains;

5.   For treble damages in accordance with 15 U.S.C. § 1117;

6.   For punitive damages;

7.   For costs and attorneys' fees; and

8.   Any other relief the Court may deem appropriate.

DATED:  May 16, 2017                   TAULER SMITH LLP


                                       By: __/s/ Kevin Valsi _____
                                            Kevin Valsi
                                            JST DISTRIBUTION, LLC

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED:  May 16, 2017                    TAULER SMITH LLP


By: ___/s/ Kevin Valsi _____
Kevin Valsi
JST DISTRIBUTION, LLC

**COMPLAINT**